(No. 4077—

HERMAN DREZNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1949.*

JOSEPH I. BULGER, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General; HON. WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

ECKERT, C. J.

Claimant, Herman Drezner, was certified on May 1, 1939, by the Illinois Civil Service Commission to the

Illinois Liquor Control Commission, and was thereupon employed by the Illinois Liquor Control Commission as a Field Investigator II. On June 2, 1945, the Liquor Control Commission filed notice of removal and discharge of claimant with the Illinois Civil Service Commission. A hearing was had before the Civil Service Commission, and on December 14, 1945, the charges against claimant were sustained, and claimant was discharged.

On January 15, 1946, claimant filed suit in Superior Court of Cook County, Illinois, against the Illinois Civil Service Commission, to review the order of discharge. The Superior Court subsequently, on November 13, 1946, confirmed the order of the Illinois Civil Service Commission. Claimant thereupon took an appeal to the Supreme Court of Illinois.

On September 18, 1947, the Supreme Court reversed the order of the Superior Court of Cook County (*Drezner* v. *Civil Service Commission*, 398 Ill. 219), and the mandate of the Supreme Court was filed with the clerk of the Superior Court on November 25, 1947. Pursuant to this mandate, the Superior Court on December 19, 1947, entered an order in accordance with the mandate.

Claimant thereupon served a demand on both the Illinois Civil Service Commission and the Illinois Liquor Control Commission for reinstatement. On January 12, 1948, claimant not having been reinstated, he filed a petition for mandamus against the Illinois Civil Service Commission in the Superior Court of Cook County to restore him to his position and for payment of accrued salary.

In answer to the petition for mandamus, the Illinois Civil Service Commission alleged that the salary for the classified position of Field Investigator II as appropriated by the General Assembly for the biennium of

July 1, 1943, to June 30, 1945, and for the biennium of July 1, 1945, to June 30, 1947, had lapsed and that no funds remained from which claimant could be reimbursed for the salary allegedly due.

On February 27, 1948, judgment was entered by the Superior Court of Cook County in the mandamus proceeding, ordering and directing that claimant be restored to his position, that he receive his salary as a classified civil service employee from July 1, 1947, to February 29, 1948, in the amount of $270.00 per month, that such salary be paid from the then current biennial appropriation, and that the judgment should in no way prejudice claimant's right to salary due him from June 2, 1945, to July 1, 1947. Claimant was thereupon restored to his position.

On March 17, 1948, claimant filed suit in this Court to recover his salary from June 2, 1945, the date of his discharge, to July 1, 1947, in the sum of $196.00 for June, 1945, and in the sum of $5,880.00 for the period of July 1, 1945, to July 1, 1947. He alleges that during the period i nquestion he was illegally prevented from performing the duties of his position as Field Investigator II, and was illegally deprived of the salary accruing to that position; that during all of that time he was ready, able and willing to perform the duties of the position and was illegally prevented from doing so; that the salary of such Field Investigator, from June 2, 1945, to June 30, 1945, was $210.00 a month, and from July 1, 1945, to July 1, 1947, was $245.00 a month; that there is due and owing to him for salary for that period the aggregate sum of $6,076.00; that the salary appropriations for the period of June 2, 1945, to July 1, 1947, have lapsed; and that there were sufficient funds on hand

when the respective appropriations lapsed to pay the salary alleged to be due.

From the record it appears that claimant was a duly qualified civil service employee of the State of Illinois; that he was illegally discharged and wrongfully prevented from performing the duties of his position; and that he was subsequently reinstated by order of a court of competent jurisdiction. He has been diligent in the protection of his rights, and at all times for which he seeks payment of salary, he was ready, willing, and able to perform the duties of his position, tendered the performance thereof, and such tender was refused. A civil service employee, illegally discharged and subsequently restored to his position by judgment of a court of competent jurisdiction is entitled to the salary provided for said position for the period of the illegal discharge where he is ready, able, and willing to perform the duties of such position and tendered his services to his employer. (*Wilson* v. *State,* 12 C.R.R. 413; *Drezner* v. *State,* 15 C.C.R. 16). Respondent offered no proof that claimant's salary had been paid to a de facto incumbent prior to claimant's reinstatement, and offered no proof that any other agent or de facto incumbent performed the duties of claimant's position during the period in controversy.

The Court, therefore, finds that claimant is rightfully entitled to an award for payment of his salary during the period of his allegal discharge, in the amount of $6,076.00.

An award is entered in favor of the claimant, Herman Drezner, in the amount of $6,076.00.